UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN HAMMLER,<br><br>       Plaintiff,<br><br>    v.<br><br>T. SANDERS, et al.,<br><br>       Defendants. | No. 1:24-cv-01359-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF PAY THE FILING FEE FOR THIS ACTION |

Plaintiff is proceeding pro se in this action filed pursuant to 42 U.S.C. § 1983.

On November 6, 2024, Plaintiff filed the complaint commencing this action. (ECF No. 1.) Plaintiff has not submitted an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 or paid the $405.00 filing fee for this action. However, a review of the Court's electronic filing system reflects that Plaintiff has suffered three of more strikes under 28 U.S.C. § 1915(g), and is not allowed to proceed in forma pauperis unless he was under imminent danger of serious physical injury at the time of filing the complaint.

**I.**

**DISCUSSION**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals."  Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir.

1  2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section

2  1915(g), a non-merits related screening device which precludes prisoners with three or more

3  "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious

4  physical injury.  28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir.

5  2007).  The statute provides that "[i]n no event shall a prisoner bring a civil action … under this

6  section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any

7  facility, brought an action or appeal in a court of the United States that was dismissed on the

8  grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

9  unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

10       A review of the actions filed by Plaintiff reveals that he is subject to 28 U.S.C. § 1915(g)

11  and is precluded from proceeding in forma pauperis unless Plaintiff, was, at the time the

12  complaint was filed, under imminent danger of serious physical injury.  The Court takes judicial

13  notice[1] of the following United States District Court cases: (1) Hammler v. Director of CDCR,

14  No. 1:17-cv-00097-NJV (N.D. Cal.) (dismissed on April 27, 2017 for failure to file an amended

15  complaint, following a screening order dismissing complaint for failure to state a claim); (2)

16  Hammler v. Hudson, No. 2:16-cv-01153-JAM-EFB (E.D. Cal.) (dismissed on May 17, 2019 after

17  defendants' motion to dismiss was granted because plaintiff's failure to exhaust administrative

18  remedies was apparent on the face of the complaint and attachments thereto);[2] (3) Hammler v.

19  Hough, No. 3:18-cv-01319-LAB-BLM (S.D. Cal.) (dismissed on May 24, 2019 for failure to state

20  a claim and as frivolous); (4) Hammler v. Director of CDCR, No. 1:17-cv-01949-MCE-DB (PC)

21  (E.D. Cal.) (dismissed on March 25, 2020 after defendant's motion to dismiss was granted as

22  claims were frivolous); (5) Hammler v. Baugham, No. 2:19-cv-00245-TLN-CKD (PC) (E.D.

23  Cal.) (dismissed on May 21, 2020 for failure to state a claim); (6) Hammler v. Oliveira, No. 1:19-

---

[1] Judicial notice may be taken of court records. Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 634 n.1 (N.D. Cal. 1978).

[2] See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim." (citation and internal quotation marks omitted)); El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016) (stating that a dismissal for failure to exhaust administrative remedies counts as a strike under § 1915(g) if the failure to exhaust is apparent from the face of the complaint).

1   cv-00417-DAD-JLT (PC) (E.D. Cal.) (dismissed on June 4, 2020 for failure to state a claim); (7)
2   Hammler v. State of California, No. 1:20-cv-00630-DAD-GSA (PC) (E.D. Cal.) (dismissed on
3   October 30, 2020 because plaintiff's failure to exhaust administrative remedies was apparent on
4   the face of complaint); and (8) Harris v. Katz, No. 2:19-cv-00467-TLN-CKD (PC) (E.D. Cal.)
5   (dismissed on January 15, 2021 for failure to state a claim).

6         The issue now becomes whether Plaintiff has met the imminent danger exception, which
7   requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and
8   which turns on the conditions he faced at the time he filed his complaint on October 24, 2024
9   (with application of the mailbox rule). Andrews, 493 F.3d at 1053-1056. Conditions which
10  posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent
11  conditions. Id. at 1053. While the injury is merely procedural rather than a merits-based review
12  of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

13        Here, the Court finds that Plaintiff's allegations fail to demonstrate imminent danger of
14  serious physical injury at the time of filing. In the instant complaint, Plaintiff alleges that he was
15  subjected to retaliation, denied mental health treatment, improperly elevated his level of care,
16  denied his legal materials, and some of his personal property was destroyed at Corcoran State
17  Prison over three years ago and Plaintiff is now (and at the time of filing) housed at a different
18  prison. (ECF No. 1.) Plaintiff has alleged no facts to establish that he "faced 'imminent danger
19  of serious physical injury' at the time of filing." See Andrews, 493 F.3d at 1051-52 (noting §
20  1915(g)'s exception for IFP complaints which "make[ ] a plausible allegation that the prisoner
21  faced 'imminent danger of serious physical injury' at the time of filing."); see also, Winfield v.
22  Schwarzenegger, No. 2:09–cv–0636–KJN–P, 2010 WL 3397397, at *2 (E.D. Cal. Aug. 27, 2010)
23  ("At the time of filing the operative ... complaint, plaintiff was incarcerated at [CSP–Sacramento];
24  thus, he is not facing imminent danger of serious physical injury based on allegations against
25  defendant ... at San Quentin State Prison."). Therefore, Plaintiff does not establish an exception
26  to the three-strikes rule of § 1915(g), and he is precluded from proceeding in forma pauperis and
27  must pay the filing fee for this action to proceed.

28                                      **II.**

**CONCLUSION AND RECOMMENDATIONS**

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that, pursuant to 28 U.S.C. § 1915(g), Plaintiff not be allowed to proceed in forma pauperis and instead be directed to pay the $405.00 filing fee in full if he wishes to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14)** days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court, limited to 15 pages, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2024**

STANLEY A. BOONE
United States Magistrate Judge